UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RG 0704

BETHEL JONES,

Petitioner,

-against-

ROBERT K. WOODS, Superintendent,
Upstate Correctional Facility,

Respondent.

AFFIDAVIT IN OPPOSITION TO PETITION FOR A WRIT OF HABEAS CORPUS

07-CV-1326 (CBA)

STATE OF NEW YORK )
) SS:
COUNTY OF KINGS )

RHEA A. GROB, being duly sworn, deposes and states as follows:

1. I am an Assistant District Attorney of counsel to Charles J. Hynes, the District Attorney of Kings County. I am admitted to practice in New York State and before this Court.

2. By agreement with the Attorney General of the State of New York, the District Attorney of Kings County will represent the respondent in the above-captioned matter.

3. This affidavit is submitted in opposition to petitioner's (hereinafter "defendant") pro se application for a writ of habeas corpus, dated March 23, 2007. The following statements are made on information and belief based on the records and files of the Kings County District Attorney's Office.

4. In the early morning hours of July 10, 2002, in front of 1750 Prospect Place, in Brooklyn, defendant and Michael Talbot got into a fight over a street game of dice. Talbot left the scene of the game in his car, picked up a friend and returned a short while later. When Talbot returned, defendant ran over to the car and fired three to four shots, killing Talbot's friend who was in the passenger seat of the car.

5. For this act, defendant was charged, by Kings County Indictment Number 8374/2002, with two counts of Murder in the Second Degree (N.Y. Penal Law § 125.25[1], [2]), and with Criminal Possession of a Weapon in the Second Degree (N.Y. Penal Law § 265.03[2]).

6. Defendant was convicted, after a jury trial, of Murder in the Second Degree (P.L. § 125.25[1]) and he was sentenced to a term of imprisonment of twenty years to life (Chambers, J., at trial, and sentence).

7. Defendant appealed his conviction to the Appellate Division of the New York State Supreme Court, Second Department (hereinafter "Appellate Division"). See N.Y. Crim. Proc. Law § 450.10(1). Defendant's appellate attorney, in a brief on defendant's behalf, raised the following claims:

> (1) Defendant was denied a fair trial because the court improperly allowed the People to impeach their own witness when he had not disproved the People's case, the prosecutor improperly put on police witnesses

> to portray the witness as an identification witness, the prosecution's summation improperly argued that the witness had identified defendant as the shooter, and the court failed to give a timely or clear charge that the jury could not use the witness's taped statement as evidence-in-chief;
>
> (2) Defendant was denied a fair trial when, in summation, the prosecutor shifted the burden of proof, vouched for his witnesses, and appealed to fear and sympathy;
>
> (3) Defendant was denied the effective assistance of counsel for failing to object to the above-claimed errors.

8. Defendant also filed a pro se supplemental brief in which he claimed that the prosecutor improperly introduced hearsay statements at trial in violation of Crawford v. Washington, 541 U.S. 36 (2004).

9. On January 24, 2006, the Appellate Division unanimously rejected defendant's claims, and affirmed defendant's judgment of conviction. People v. Jones, 25 A.D.3d 724 (2d Dep't 2006). The Appellate Division found unpreserved for appellate review and without merit, defendant's contention that the trial court improperly permitted the prosecutor to impeach their own eyewitness with a prior inconsistent statement on audiotape. The Appellate Division also found unpreserved for appellate review defendant's contention regarding the court's charge that the tape be considered only for impeachment purposes. Moreover, the Appellate Division ruled that the court's instruction was

adequate. The Appellate Division held that defendant was not denied the effective assistance of counsel, and that his remaining contentions, including those that were raised in his pro se supplemental brief, were unpreserved for appellate review.

10. Defendant sought leave to appeal to the New York Court of Appeals. See N.Y. Crim. Proc. Law §§ 450.90, 460.20. By certificate dated June 5, 2006, a judge of the New York Court of Appeals denied defendant permission to appeal further. People v. Jones, 7 N.Y.3d 757 (2006) (Smith, J.).

11. In the instant petition for a writ of habeas corpus, defendant claims that he was denied the effective assistance of trial counsel for the following alleged omissions of trial counsel:

> (a) failure to object to the prosecutor's improper impeachment of its own witness;
>
> (b) failure to object to evidence relied upon by the jury which was not submitted as evidence;
>
> (c) failure to object to the prosecutor's inferential bolstering;
>
> (d) failure to object to hearsay statements made during hearing and trial in violation of Crawford v. Washington;
>
> (e) failure to object to the prosecutor's burden shifting summation; and
>
> (f) failure to object to the "twin count" charge that were submitted to the jury.

12. Defendant's claims do not warrant habeas relief.

Accordingly, this Court should deny defendant's petition for the reasons stated in the accompanying memorandum of law.

13. Defendant is currently incarcerated pursuant to his judgment of conviction.

14. In accordance with this Court's order to show cause dated June 1, 2007, the following documents will be provided to the Court under separate cover:

a) the transcript of defendant's state court trial (Exhibit A);

b) defendant's brief by his attorney to the New York Appellate Division (Exhibit B);

c) respondent's brief to the Appellate Division (Exhibit C);

d) defendant's pro se supplemental brief to the Appellate Division (Exhibit D);

e) respondent's brief in opposition to defendant's pro se supplemental brief (Exhibit E);

f) defendant's leave application by his attorney and pro se leave application to the New York Court of Appeals (Exhibit F); and

g) respondent's letter in opposition to defendant's leave application to the New York Court of Appeals (Exhibit G).

15. I certify under penalty of perjury that the foregoing is true and correct.

WHEREFORE, and for the reasons stated in the accompanying Memorandum of Law, the instant petition for a writ of habeas corpus should be summarily denied.

Dated: Brooklyn, New York
July 30, 2007

Respectfully submitted,

Rhea A. Grob
Assistant District Attorney
Office of the Kings County
District Attorney
350 Jay Street
Brooklyn, New York 11201
(718) 250-2480

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RG 0704

BETHEL JONES,

Petitioner,

-against-

ROBERT K. WOODS, Superintendent,
Upstate Correctional Facility,

Respondent.

MEMORANDUM OF LAW

07-CV-1326 (CBA)

DEFENDANT'S CLAIMS DO NOT WARRANT FEDERAL HABEAS CORPUS RELIEF.

Defendant's petition for a federal writ of habeas corpus should be denied. Defendant's petition seeking a writ of habeas corpus alleges that his trial attorney was ineffective for a myriad of reasons. The majority of defendant's ineffective assistance of counsel claims were raised in his main brief to the Appellate Division on his direct appeal. Two of defendant's current ineffective assistance of counsel claims were not raised on his direct appeal. Defendant's current claim that his trial attorney was ineffective for failing to make a Crawford claim at trial was not raised on appeal, although the underlying claim of a Crawford violation was raised in his pro se brief to the Appellate Division. Defendant's additional claim in his petition, claiming ineffective assistance for trial counsel's failure to object to the submission of both intentional and depraved indifference murder to the jury

for deliberation was not raised in his briefs to the Appellate Division and was raised for the first time is his pro se leave application to the New York State Court of Appeals.

Accordingly, those two claims of defendant's are unexhausted, however, they are procedurally barred as defendant no longer has a state forum in which to raise those claims. Because both of those claims could have been raised on direct appeal as the claims are based on matters that appear on the record, and because defendant has already taken his one appeal as of right to which he is entitled, defendant no longer has a forum in which to raise these claims. Accordingly, this Court should deem those parts of the claim exhausted, but deny them on the ground that they are procedurally barred by defendant's state procedural default. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Bossett v. Walker, 41 F.3d 825, 828-29 (2d Cir. 1994), cert. denied, 514 U.S. 1054 (1995); Grey v. Hoke, 933 F.2d 117, 119-21 (2d Cir. 1991).

A state prisoner is entitled to a writ of habeas corpus if the state court's adjudication of the prisoner's claims:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The majority of the ineffective claims raised in the instant petition were raised in defendant's main brief to the Appellate Division and were rejected on the merits by the Appellate Division. People v. Jones, 25 A.D.3d 724 (2d Dep't 2006) ("The defendant was not deprived of the effective assistance of counsel"). Accordingly, AEDPA deference applies to determinations of the Appellate Division on the merits. Mosby v. Senkowski, 470 F.3d 515 (2d Cir 2006).

The Second Circuit has held that the standard for ineffective assistance applied by New York court is not "contrary to" the federal standard. See Eze v. Senkowski, 321 F.3d 110, 112 (2d Cir. 2003). Thus, the question on review is whether the state court determinations that Jones was not denied the ineffective assistance of trial counsel were an "unreasonable application" of clearly established law. Woodford v. Visciotti, 537 U.S. 19 (2002) (habeas applicants burden to show that state court applied Strickland to facts of his case in an objectively unreasonable manner).

To prevail on a claim of ineffective assistance of counsel, a defendant must show both that counsel's performance was so unreasonable under prevailing professional norms that "counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and that counsel's ineffectiveness prejudiced

petitioner such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694 (1984); accord, Laaman v. United States, 973 F.2d 107, 113 (2d Cir. 1992), cert. denied, 507 U.S. 954 (1993).

Moreover, defendant must overcome the strong presumption that counsel's conduct was reasonable, and may be considered sound strategy. Mills v. Scully, 826 F.2d 1192 (2d Cir. 1987); United States v. Cruz, 785 F.2d 399 (2d Cir. 1986). Defendant is not entitled to "expect miracles" or to second-guess every trial strategy foregone or omitted as long as the omissions were not grossly and unduly prejudicial. Smithwick v. Walker, 758 F. Supp. 178, 185 (S.D.N.Y.), aff'd, 948 F.2d 1278 (2d Cir. 1991). Indeed, "a lack of effective assistance of counsel must be of such a kind as to shock the conscience of the Court and make the proceedings a farce and mockery of justice." United States v. Aulet, 618 F.2d 182, 187 (2d Cir. 1980) (quoting United States v. Wight, 176 F.2d 376, 379 [2d Cir. 1949], cert. denied, 338 U.S. 950 [1950]). In the instant petition, defendant has neither shown that his trial counsel was ineffective, or that there was a reasonable probability that the specific alleged errors by counsel affected the ultimate outcome of the trial. Cf. Strickland, 466 U.S. at 694, 699-700; Tsirizotakis v. Le Fevre, 736 F.2d 57, 63-65 (2d Cir.), cert.

denied, 469 U.S. 869 (1984). Accordingly, defendant's claims must fail.

The record of the instant case reflects that defense counsel was more than adequately prepared and he possessed an in-depth familiarity with the facts of defendant's case. Defense counsel vigorously cross-examined the prosecution witnesses at both hearings and trial, and made appropriate objections and motions throughout, and presented a cogent summation discrediting the People's witnesses.

Defendant alleges that his trial counsel's failure to make certain objections at trial deprived him of a fair trial. Defendant's claims are entirely without merit. The Second Circuit, in case after case, has declined to deem counsel ineffective notwithstanding a course of action (or inaction) that seems risky, unorthodox or downright ill-advised. See Tippins v. Walker, 77 F.3d 682, 686 (2d Cir. 1996); United States v. DiTommaso, 817 F.2d 201, 215 (2d Cir. 1987) (a court "will not second-guess trial counsel's defense strategy simply because the chosen strategy has failed"). Furthermore, an attorney will not be found ineffective if the underlying claim is unmeritorious. See United States v. De La Pava, 268 F.3d 157, 163 (2d Cir. 2001).

Defendant's claim that trial counsel was ineffective for his failure to object to allegedly improper impeachment material is without merit. The Appellate Division not only ruled that the

underlying claim -- the impeachment of the prosecutor's witness -- was proper, but that defendant was not denied the effective assistance of counsel for not objecting to the impeachment of the witness, a claim raised by defendant in his main brief to the Appellate Division. See People v. Jones, 25 A.D.3d 724 (2d Dep't 2006).

In Wifreyman Sanchez v. Victor Herbert, No 02-CV-2038 (ERK), slip op. at 9 (E.D.N.Y. March 20, 2003) (quoting United States v. DeSisto, 329 F.2d 929, 933 (2d Cir. 1964), a failure to object to the introduction of impeachment evidence as evidence in chief has been held not to be ineffective because of a lack of any practical difference between the admission for impeachment purposes and impeachment on a direct case. In any event, defense counsel strategically chose not to object to the admission of the taped statement for purpose of impeaching the prosecutor's witness as it was properly admissible pursuant to New York Crim. Proc. Law § 60.35. Indeed, there is no federal prohibition on a prosecutor impeaching his own witness. Fed. R. Evid. 607 explicitly permits a party to impeach its own witness. Compare N.Y. Crim. Proc. Law § 60.35(1) (setting forth limited circumstances wherein a party may impeach its own witness), with Fed. R. Evid. 607 (permitting any party to impeach any witness--including its own--for any reason). See, e.g., United States v. Rosa, 11 F.3d 315, 336-37 (2d Cir.

1993) (holding that under Fed. R. Evid. 607, party may impeach its own witness at any time for any reason).

Here, Marlon Belgrave testified at trial that he did not see defendant after the fight (prior to the shooting), but he gave a sworn statement to the District Attorney stating that he saw defendant shooting. The sworn statement was consistent with the testimony of two other witnesses and the trial court properly allowed the prosecutor to play the tape for the jury since Belgrave's trial testimony affirmatively damaged the People's case by tending to disprove an essential element of the crime: that defendant held a gun in his outstretched hand and fired. Accordingly, because the tape evidence of Belgrave's prior sworn statement was properly admitted at trial, trial counsel was not ineffective for failing to object to its admission. See e.g., Ramos v. Sabourin, 02-cv-2519(JG), 2004 U.S. Dist. LEXIS 1643 (E.D.N.Y. 2004) (where evidence is admissible under New York law, defendant's attorney was not ineffective for failing to object to it).

Furthermore, a review of defense counsel's strategy reflects that defendant received effective assistance. Defense counsel focused on the two witnesses who identified defendant in court, Talbot and Tutin, and whose testimony was most damaging, as opposed to Belgrave, who made himself incredible as a witness because of the manner of his testimony including the impeachment. See Exhibit

A, trial transcript, Belgrave's testimony. Defense counsel, on summation, told the jury that as regarding Belgrave "you have to understand one thing, it's his testimony in this court that counts, not what he may have said at a precinct on July 10, 2002," and what Belgrave testified he saw was "crap game or dice game, heard shots, didn't see very much," and counsel again told the jury that this was the testimony before them (861-62). Therefore, defendant's trial attorney was not ineffective for recognizing that the impeachment material was admissible and that the trial court would allow the prosecutor to use it. Instead, defense counsel opted to diffuse the impeachment material by reminding the jury during summations that the testimony of Belgrave in the courtroom is what counted and by focusing on finding reasonable doubt within the more damaging testimony of the two identifying witnesses.

Defendant's further allegation that he was denied effective assistance of counsel because counsel did not object to the jury being allowed to rely on the sworn tape used to impeach Belgrave's trial testimony is also meritless. Contrary to defendant's claim, trial counsel, in summation, reminded the jury that the tape was not evidence (861-62). The prosecutor merely used the tape to argue that Belgrave's trial testimony was unworthy of belief.

Furthermore, the Appellate Division held that the trial court's charge to the jury regarding its use of the tape was adequate. <u>People v. Jones</u>, 25 A.D.3d at 725. Indeed, "A counsel's

failure to object to a jury instruction (or to request an additional instruction) constitutes unreasonably deficient performance only when the trial court's instruction contained 'clear and previously identified errors.'" Aparicio v. Artuz, 269 F.3d 78 (2d Cir. 2001) (quoting Bloomer v. United States, 162 F.3d 187, 193 (2d Cir. 1998)). And, "when a trial court's instruction is legally correct as given, the failure to request an additional instruction does not constitute deficient performance." Aparicio, supra (failure to request expanded ID charge under New York law was not ineffective under New York law). See also United States v. Frampton, 382 F.3d 213, 222 n.8 (2d Cir. 2004) ("having found no error in [court's] instruction, we hold [defendant's] claim [of ineffective assistance] must fail").

Defendant also claims that he was denied the effective assistance of trial counsel for counsel's failure to object to inferential bolstering and to the prosecutor's "burden-shifting" summation. Defendant's claim of inferential bolstering is without merit and accordingly, trial counsel was not ineffective for not making such an objection. Defendant's identification was not a disputed issue at trial. Belgrave knew who defendant was and had known him for years. Belgrave testified that he picked defendant out of a lineup. Detective Coco's testimony added nothing to Belgrave's testimony and he did not testify who it was that Belgrave identified. The testimony of the detectives, that after

interviewing witnesses they began looking for defendant, was proper to explain the narrative of why and how they apprehended defendant. See Quinones v. Miller, No. 05-3719-pr, 2007 U.S. App. LEXIS 7009 (2d Cir. 2007) (trial counsel not ineffective for not objecting to detective's testimony that he sought defendant for lineup after speaking with two witnesses and other detectives; evidence admissible as narrative of events leading up to lineup and did not constitute inferential bolstering because detective did not reveal particulars of conversations with witnesses).

The prosecutor's summation was proper and responsive to defendant's summation. The prosecutor's comments did not infect the trial "with unfairness as to make the resulting conviction a denial of due process." Darden v. Wainwright, 477 U.S. 168, 181 (1986) (citations omitted). Thus, counsel cannot be faulted for failing to make meritless objections.

Defense counsel's few objections to the prosecutor's summation do not reflect ineffectiveness, but rather the knowledge that the prosecutor's summation was merely responsive to his own and constituted fair comment on the evidence. Moreover, a trial counsel's failure to make objections during the prosecutor's summation may simply represent a tactical decision to avoid underscoring the prosecutor's statements so as to draw the jury's attention to them. See Jackson v. Conway, 448 F. Supp. 2d 484, 492 (W.D.N.Y. 2006); People v. Corcoran, 855 F. Supp. 1359, 1371

(E.D.N.Y. 1994) (trial counsel made "reasonable tactical decision" not to object to damaging testimony, as it "would merely serve to highlight the testimony"), aff'd, 100 F.3d 944 (2d Cir.), cert. denied, 517 U.S. 1228 (1996). See also United States v. Arena, 180 F.3d 380, 396 (2d Cir. 1999) (failure to make meritless argument does not amount to ineffective assistance). Absent any prejudicial error, and there was none here, defense counsel's failure to raise otherwise futile objections did not render counsel ineffective. See United States v. Cohen, 427 F.3d 164, 170 (2d Cir. 2005). Respondent respectfully refers the Court to Exhibit C, Respondent's main brief to the Appellate Division for a further discussion of the underlying claim, regarding the propriety of the prosecutor's summation.

Defendant's claim that his trial attorney was ineffective for failing to object to a Crawford violation is also without merit. Where there is no merit to a claim, a defense attorney cannot be held to be ineffective for not raising the claim. See Guidice v. United States, 2007 U.S. Dist. LEXIS 48427 *18 (E.D.N.Y. July 3, 2007); See Sanchez v. United States, 2005 U.S. Dist. LEXIS 7555 *8 (S.D.N.Y. 2005) ("[F]ailure to assert a baseless claim does not fall below an objective standard of reasonableness nor prejudice the defendant").

In his pro se brief to the Appellate Division, defendant claimed that the prosecution improperly introduced hearsay

statements at the pretrial hearing and at trial which violated Crawford v. Washington, 541 U.S. 36 (2004). As discussed in respondent's supplemental brief to the Appellate Division (Exhibit E), neither Crawford nor the Confrontation Clause had any applicability to the pretrial hearing and New York Crim. Proc. Law § 710.30(1)(b) clearly does not require a prosecutor to call identifying witnesses at a pretrial Wade hearing, where the prosecution meets its burden of proving a lack of suggestiveness in any police-arranged identification proceeding. See People v. Chipp, 75 N.Y.2d 327 (1990).

Moreover, the testimony of the detectives that they interviewed witnesses and thereafter, began looking for defendant, were proper and not violative of Crawford. The contents of the interviews were not evidence and thus, the holding of Crawford, which concerns the admissibility of out of court statements did not apply. Furthermore, the witnesses interviewed by the detectives all testified at trial and were available for cross-examination, again reflecting the inapplicability of Crawford.

Finally, the testimony of the detectives was admissible to explain why they took the subsequent action of looking for defendant, and not for the truth of anything the witnesses may have said (which, in any event, was not before the jury). Accordingly, no Crawford violation occurred in this case and defense counsel cannot be faulted for failing to object on those grounds. For a

more detailed discussion of the lack of merit of defendant's Crawford contentions, the Court is respectfully referred to Exhibit E, respondent's supplemental brief to the Appellate Division.

Defendant's final claim of ineffective assistance of counsel, that his trial attorney was ineffective for not objecting to the twin count indictment of intentional and depraved indifference murder is without merit. Under New York law, a trial court may properly charge a defendant with both intentional murder and depraved indifference murder, so long as the counts are charged in the alternative. See People v. Gallagher, 69 N.Y.2d 525, 528 (1987) (requiring counts of intentional and depraved indifference murder to be submitted to the jury in the alternative). In this case, the trial court properly charged defendant with intentional murder and depraved indifference murder in the alternative. Thus, trial counsel was not ineffective for failing to object to the charge.

Furthermore, in assessing an attorney's performance, a reviewing court must judge the attorney's conduct on the basis of the facts of the particular case, "viewed as of the time of counsel's conduct, and may not use hindsight to second-guess his strategy choices. Counsel is not required to forecast changes in the governing law." Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994) (quoting Strickland, 466 U.S. at 690). The objection defendant claims his trial attorney failed to make would have been

unsuccessful under the law of New York in effect at the time of defendant's conviction. Counsel cannot be faulted for failing to anticipate the subsequent shift in New York law. The New York Court of Appeals has explained that its decisions in this area started only in 2003 (the year of defendant's conviction) to "represent a perceptible, evolving departure from the underpinnings of depraved indifference murder as expressed in" prior cases which have since been "explicitly overruled." Policano v. Herbert, 7 N.Y.3d 588, 603 (2006). Accordingly defendant, who was convicted in 2003, was not denied either effective assistance of trial counsel or appellate counsel on this basis. See Farr v. Greiner, No. 01 Civ. 6921, (E.D.N.Y. April 10, 2007) (rejecting ineffective assistance of appellate counsel claim based on failure to contest submission of depraved indifference murder count to jury).

Finally, the cases upon which defendant rely are cases where convictions for depraved indifference murder were reversed because the evidence made out an intentional act or none at all. See People v. Suarez, 6 N.Y.3d 202 (2005); People v. Payne, 3 N.Y.3d 266 (2004); see also People v. Gonzalez, 1 N.Y.3d 464 (2003). Here, defendant was convicted of intentional murder for the point-blank shooting of about 4 bullets into the passenger side of a car, killing the passenger. Thus, defendant was convicted of intentional murder for his intentional act and has no cause to

complain now of counsel's failure to object to the submission of depraved indifference murder to the jury.

In sum, because defendant cannot sustain his burden showing that counsel failed to provide him with meaningful representation, or that, but for trial counsel's alleged errors, the outcome of the trial would have been different, Strickland, 466 U.S. at 696, defendant's petition must be denied.

## CONCLUSION

FOR THE AFOREMENTIONED REASONS, DEFENDANT'S PETITION FOR A WRIT OF HABEAS CORPUS SHOULD BE DENIED.

Dated: Brooklyn, New York
July 30, 2007

Respectfully submitted,

CHARLES J. HYNES
District Attorney
Kings County

LEONARD JOBLOVE
RHEA A. GROB
Assistant District Attorneys
of Counsel

## Certificate of Service

I hereby certify that on July 30, 2007, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the follow party:

Bethel Jones
03-A-4635
Upstate Correctional Facility
Malone, New York 12953

Rhea Ann Grob
Assistant District Attorney
Office of the Kings County District Attorney
350 Jay Street
Brooklyn, New York 11201
(718) 250-2480